Filed 9/10/21  P. v. Salazar CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H048801 |
| Plaintiff and Respondent, | (Monterey County<br>Super. Ct. No. 19CR003663) |
| v. | |
| ROBERT SALAZAR, | |
| Defendant and Appellant. | |

In April 2019,[1] appellant Robert Salazar sexually assaulted Jane Doe, a 25 year-old developmentally delayed young woman.[2]  Salazar was Doe's father's best friend. Doe, whose cognitive development was equivalent to that of an eight or nine year-old child, was spending the night with Salazar and his wife, who were taking care of her at a home owned by Doe's parents.  Salazar and his wife got into an argument, and his wife left.  Doe asked Salazar if he needed company, and Salazar replied that he did.  They got into bed together.  Salazar took off Doe's pajamas and digitally penetrated and orally copulated Doe.  He inserted his penis into her vagina and anus.  Salazar made Doe promise not to tell anyone what happened.

---

[1] All dates were in 2019 unless otherwise indicated.

[2] These facts are drawn from the probation report prepared for Salazar's sentencing.

One of Doe's caretakers later overheard Doe on the phone telling someone (presumably Salazar) her " 'lips [were] sealed,' " and she did not want him to go to jail. Suspicious about the conversation, the caretaker informed Doe's aunt, who in turn contacted the police after speaking with Doe. A SART (Sexual Assault Response Team) exam revealed that Doe had injuries consistent with sexual assault. A police investigation revealed that Salazar had previously been convicted of a prior sex offense, and he was out of compliance with his sex offender registration requirement. After his arrest for crimes against Doe, Salazar made calls from jail in which he attempted to dissuade Doe's parents from cooperating in the prosecution against him.

At the time of these events, Doe was subject to a conservatorship, and her mother was her conservator.

Salazar was charged by information with forcible rape (Pen. Code, § 261, subd. (a)(2); count 1),[3] sodomy by use of force (§ 286, subd. (c)(2)(A); count 2), sexual penetration by a foreign object (§ 289, subd. (a)(1)(A); count 3), forcible oral copulation (§ 287, subd. (c)(2)(A); count 4), rape of an incompetent person (§ 261, subd. (a)(1); count 5), sodomy of an incompetent person (§ 286, subd. (g); count 6), sexual penetration by a foreign object (§ 289, subd. (b); count 7), oral copulation of an incompetent person (§ 287, subd. (g); count 8), and dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count 9). With respect to counts 1 through 4, the information alleged that Salazar had been convicted of a prior sex offense (§ 261.2) within the meaning of section 667.6, subdivision (a); the information also alleged that Salazar had been convicted of a prior serious or violent offense (strike conviction) (§§ 667, subd. (e)(1) & 1170.12, subd. (c)(1)).

In pretrial litigation, Salazar's counsel subpoenaed records from the Probate Division of the San Luis Obispo County Superior Court (where Doe had been conserved)

___

[3] Unspecified statutory references are to the Penal Code.

and sought to obtain evidence relevant to whether Doe had the capacity to consent to the sexual conduct. The San Luis Obispo County Superior Court filed a motion to quash the subpoena. The trial court reviewed the requested documents in camera and did not order the disclosure of any of the documents related to the conservatorship.

On September 15, 2020, Salazar pleaded no contest to counts 1, 2, and 9 and admitted his prior strike conviction for a stipulated sentence of 22 years, eight months in prison. In his signed plea agreement, Salazar specifically admitted that he unlawfully had sexual intercourse with Doe by means of force, that he unlawfully had anal intercourse with Doe against her will by force, and that he unlawfully attempted to dissuade Doe from reporting the crimes. Salazar waived all his rights to appeal the conviction and judgment and agreed not to file any collateral attacks on his conviction or sentence. In his colloquy with the trial court at the change of plea hearing, Salazar told the court that he had had sufficient time to discuss with his attorney the charges, the facts, possible defenses, and the consequences of his no contest plea. Salazar asked his lawyer a question during the hearing and then affirmed to the court that he had no remaining questions for his counsel or the court.

On October 20, 2020, the trial court conducted the sentencing hearing. Doe's aunt and mother spoke at the hearing and described the pain that Doe still experiences from the crime, particularly in light of Doe's intellectual disabilities. Doe continues to feel panic and rage about the crimes.

Salazar spoke at the sentencing hearing. He asserted he was inebriated at the time of the crimes and that it was Doe who got into bed with him unclothed, causing the crimes to occur. He asked "What am I supposed to do? It's like throwing meat to the lion."

The trial court denied probation and imposed a 16-year sentence on count 1, a four-year consecutive sentence on count 2, and a two-year eight-month consecutive sentence on count 9, for a total aggregate sentence of 22 years and eight months. The

trial court ordered Salazar to register as a sex offender and to pay fines and fees, including $1,584 in restitution to the victim, and awarded him 645 days of custody credits.

Representing himself, Salazar requested a certificate of probable cause from the trial court. Salazar asserted that his defense counsel had been constitutionally ineffective, his rights were violated by "prosecutorial misconduct and judicial misconduct in the handling of exculpatory evidence," his $1,000,000 bail was excessive, and he was subject to "cruel treatment" when he was transported to court. The trial court denied Salazar's request for a certificate of probable cause.

After receiving the notice of appeal, we appointed counsel to represent Salazar on appeal. Appellate counsel filed an opening brief stating the case and the facts but raising no specific legal issues. Counsel has declared that he has notified Salazar both of his intention to request independent review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and of Salazar's right to file written argument on his own behalf. We notified Salazar of his right to submit written argument on his own behalf but have received no response from him.

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Concluding there is no arguable issue on appeal that would result in a disposition more favorable to Salazar, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

_____

Danner, J.

WE CONCUR:


_____

Greenwood, P.J.



_____

Grover, J.



**H048801**
*People v. Salazar*